E-FILED on     2/27/12

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

MIGUEL ILAW,

    Plaintiff,

    v.

UNITED STATES OF AMERICA,

    Defendant.

No. 11-cv-5000 RMW

ORDER GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND

**[Re Docket No. 21]**

This action arises from the alleged conduct of two administrative clerks at the U.S. District Court for the Northern District of California, who purportedly failed to adequately protect the confidentiality of Plaintiff Miguel Ilaw's ("plaintiff") medical records after he attached them to a filing in an unrelated lawsuit. Defendant the United States of America ("defendant") moves to dismiss plaintiff's claims for negligence, harassment, retaliation and violation of his privacy rights. For the reasons below, the court grants the motion to dismiss without leave to amend.

## I. BACKGROUND

On October 4, 2011, plaintiff, proceeding *pro se*, filed a Second Amended Complaint (SAC) in an employment discrimination case pending before Judge Lucy H. Koh, *Ilaw v. Daughters of*

*Charity Health Systems*, Case. No. CV 11-02752.  After that document was filed, plaintiff discovered that two CD exhibits attached to the SAC contained protected health information.  Dkt. No. 20 (Compl.) ¶ 7.  On October 6, 2011, plaintiff went to the Clerk's Office at the U.S. District Court in San Jose, California, and gave "Ms. Tiffany," an intake clerk, a copy of a letter addressed to Martha Brown, Judge Koh's courtroom deputy clerk.  *Id.* ¶ 8.  The letter requested that the court return plaintiff's CDs and indicated that plaintiff "does not want his private confidential medical records in public."  *Id.* ¶¶ 8, 28.  Attached to the letter were three pages of medical reports intended to "show what is in the CDs."  *Id.* ¶ 28.

Plaintiff alleges that he told "Ms Tiffany" that he wanted the medical reports shredded after they were considered by the court, and that she replied that he must "wait for the Judge's answer."  *Id.* ¶ 9.  The letter and attached reports were then filed in the public docket as "Request to have the Court return to Plaintiff one CD submitted on 10/4/2011."  Later that morning, plaintiff called Ms. Brown to inform her about the CDs and the medical records.  Ms. Brown told plaintiff that she was prohibited from giving legal advice, and suggested he contact a lawyer.  *Id.* ¶ 10.  Plaintiff also sent Ms. Brown an email entitled "Motion to Seal Records," but received no reply.  *Id.*  With the help of another court clerk, plaintiff then submitted a "Motion to Withdraw CD."  *Id.* ¶ 12.  Judge Koh granted plaintiff's motion later that day, and marked as "private" the letter containing plaintiff's medical information in the public docket.

Plaintiff alleges that he followed up with the Clerk's Office by phone the following day, but that his calls were ignored and he was put on hold.  *Id.* ¶ 31.  He claims that "Ms Tiffany" and Ms. Brown exhibited a "lack of common sense … tact, … compassion and … sensitivity" in "docketing his protected health information."  *Id.*  According to the complaint, plaintiff's medical records were removed from the public docket on October 11, 2011.

Plaintiff filed the instant action the same day.  He alleges claims for harassment, negligence and retaliation under the Federal Tort Claims Act and violations of the "Privacy Act of 1974," 5 U.S.C. 552a and the "Privacy Rule of 2006," 42 U.S.C. 1320d, seeking $10,000 in damages.

1  Defendant[1] moved to dismiss.  Before the court's consideration of the defendant's motion, plaintiff
2  filed an amended complaint asserting the same causes of action.  On January 6, 2012, defendant
3  moved to dismiss the amended complaint under Rules 12(b)(1) and 12(b)(6), arguing that court
4  clerks were afforded absolute quasi-judicial immunity, that plaintiff had failed to plead exhaustion of
5  his administrative remedies, and that the complaint failed to state a claim under the Privacy Act.

## II. DISCUSSION

### A. Quasi-Judicial Immunity

"Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." *Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1390 (9th Cir. 1987); *see also Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir. 1996).  The Ninth Circuit has repeatedly "extended absolute quasi-judicial immunity … to court clerks and other nonjudicial officers for purely administrative acts—acts which taken out of context would appear ministerial, but when viewed in context are actually a part of the judicial function." *Curry v. Castillo (in Re Castillo)*, 297 F.3d 940, 952 (9th Cir. 2002).  Where the accused conduct is an integral part of the judicial process, clerks qualify for quasi-judicial immunity unless such conduct was undertaken "in the clear absence of all jurisdiction." *Mullis*, 828 F.2d at 1390.

In essence, the amended complaint alleges that the court clerks failed to take proper action to seal plaintiff's medical records and were rude to plaintiff when he attempted to follow up by phone and email.  The clerks' conduct with respect to the sealing of plaintiff's medical records is properly characterized as an integral part of the judicial process.  Under Civil Local Rule 79-3, it is the responsibility of the clerk to maintain court files.  Local Rule 79-5(b) proscribes specific procedures for moving to file a document under seal, and provides that no document may be sealed without approval of the court.  Local Rule 5-1 states that any document required to be filed under the Federal or Local Rules must be delivered to the Office of the Clerk.  Clearly, the maintenance of case files

---

[1] While the caption names only the United States of America as a defendant, the complaint identifies both "Ms Tiffany" and Martha Brown as "defendants."

ORDER GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND
No. 11-cv-5000 RMW
EDM                                                                                  3

**United States District Court**
For the Northern District of California

1   and sealing of documents are basic and integral parts of the judicial process.  Under the Local Rules,
2   the clerk of the court and deputy clerks are the officials through whom such actions are taken.
3   Consequently, the clerks qualify for quasi-judicial immunity unless these acts were done in the clear
4   absence of jurisdiction.  *See Mullis*, 828 F.2d at 1390 (finding that a clerk's failure to give proper
5   counseling regarding the filing of a bankruptcy petition, acceptance of an incomplete petition, and
6   later refusal to accept an amended petition were actions subject to quasi-judicial immunity).

7       As is evident from Local Rule 5-1 and 79-3, the acts complained of are within the general
8   "subject matter jurisdiction" of the clerks.  *See id.*  Accordingly, insofar as the clerks erred in
9   "docketing" plaintiffs medical records, the court finds that they are absolutely immune from suit.

10      Furthermore, the complaint does not indicate that plaintiff complied with Local Rule 79-5(b)
11  in seeking to file his records under seal.  While pro se filings are held to less stringent standards than
12  formal pleadings drafted by lawyers, "pro se litigants must follow the same rules of procedure that
13  govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  The court is mindful of
14  the fact that such rules may be quite difficult to navigate, but the clerk of the court is not *obligated* to
15  provide legal advice, even as to the proper procedure for filing a document under seal, to a pro se
16  litigant.  Thus, it does not appear that either "Ms Tiffany" or Ms. Brown violated any official duty in
17  their treatment of plaintiff's records.  The court therefore dismisses plaintiff's claims brought under
18  federal privacy statutes.

19  **B.     Failure to Exhaust Administrative Remedies**

20      To the extent that plaintiff's complaint is based on the purported "negligence," "harassment"
21  or "retaliation" of federal court personnel, his claims are governed by the Federal Tort Claims Act
22  (FTCA), 28 U.S.C. § 2675(a).  Such claims cannot be instituted against the United States unless they
23  are first presented to the appropriate Federal agency and (1) the claim is finally denied, or (2) six
24  months have passed without a final resolution having been made.  *Burns v. United States*, 764 F.2d
25  722, 724 (9th Cir. 1985).  In his opposition motion, plaintiff indicates that he asked for an
26  "administrative hearing with regards to his privacy request."  Dkt. No. 25 at 6.  However, he has not
27  indicated that he has presented his claim to the appropriate Federal agency, nor that his claim has
28  been "finally denied" or that more than six months have passed since his request was made.  The

ORDER GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND
No. 11-cv-5000 RMW
EDM                                4

court therefore finds that plaintiff has failed to plead exhaustion of his administrative remedies. Accordingly, plaintiff's claims under the FTCA are dismissed.

**C.     Leave to Amend**

Where the court dismisses a complaint, particularly one drafted by a pro se litigant, leave to amend is typically granted.  However, leave to amend may be denied if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile.  *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).  The court's "'discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.'"  *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) (quoting *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989)).

Here, the clerks' quasi-judicial immunity bars any suit for damages based on the allegedly erroneous public docketing of plaintiff's medical records.  Further, plaintiff has already amended his complaint once in response to a motion to dismiss, and the highly detailed pleading currently before the court does not include facts which, even if construed in the light most favorable to plaintiff, could give rise to a tort claim under the FTCA.  Therefore, the court finds that amendment would be futile and dismisses the complaint in its entirety without leave to amend.

### III.  ORDER

For the foregoing reasons, the court grants defendant's motion to dismiss without leave to amend.  Since the case is dismissed with prejudice, no case management conference will be held.

DATED:     February 27, 2012

RONALD M. WHYTE
United States District Judge